IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATIONWIDE MUTUAL INSURANCE COMPANY,                               PLAINTIFF
Successor in Interest to Farmland Mutual Insurance Company

V.                               CASE NO. _____

OZARK MOUNTAIN POULTRY, INC.;
OMP FARMS, LLC; SOMMA FOOD GROUP,
L.L.C.; HOUSE OF RAEFORD FARMS, INC.; and
FIELDALE FARMS CORPORATION                                          DEFENDANTS

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes the Plaintiff, Nationwide Mutual Insurance Company (Nationwide), by and through its attorneys, Watts, Donovan & Tilley, P.A., and for its Complaint for Declaratory Judgment, herein states:

### PARTIES

1. Nationwide is an insurance company incorporated in and with its principal place of business in a state or states other than Arkansas, Texas, North Carolina, and Georgia.

2. Ozark Mountain Poultry, Inc. (Ozark) is a corporation organized under the laws of the State of Arkansas with its principal place of business situated in Rogers, Benton County, Arkansas.

3. OMP Farms, L.L.C. (OMP) is a limited liability company organized under the laws of the State of Arkansas. Upon information and belief, its members

are residents of the State of Arkansas.

4.     SOMMA Food Group, L.L.C. (SOMMA) is a limited liability company organized under the laws of the State of Texas.  Upon information and belief, its members are residents of the States of Arkansas and Texas.

5.     House of Raeford Farms, Inc. (House of Raeford) is a corporation organized under the laws of the State of North Carolina with its principal place of business situated in Rose Hill, Duplin County, North Carolina.

6.     Fieldale Farms Corporation (Fieldale) is a corporation organized under the laws of the State of Georgia with its principal place of business situated in Baldwin, Banks County, Georgia.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. This is an action between citizens of different states.  There is complete diversity of citizenship between the parties.  The amount in controversy exceeds $75,000 exclusive of interest and costs.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  Ozark is a citizen of this judicial district and certain acts or omissions giving rise to this action occurred in this judicial district.

## SUMMARY OF THE CASE

9.     This is a declaratory judgment action regarding commercial general

liability insurance coverage. Nationwide seeks a declaration that it has no duty to continue to defend or indemnify Ozark for a verdict entered against it.

10. This action is brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

## THE SOMMA LAWSUIT

11. SOMMA filed its original petition in the District Court of Dallas County, Texas on January 18, 2017. The case was subsequently removed to federal court and remanded back to state court. Following remand, SOMMA amended its petition on March 8, 2019. See Exhibit A, SOMMA's Amended Petition and Requests for Disclosure. SOMMA named House of Raeford, Ozark, and Fieldale as defendants.

12. SOMMA contracted with House of Raeford to supply chicken to SOMMA's customer, New York City Schools (NYCSD). SOMMA's contract called for "fully cooked, whole grain battered/breaded chicken breast fillet. Product is made from boneless, skinless chicken breast meat tumbled in flavoring solution formed into fillet shapes then battered/breaded with whole grain breading, flash fried, and cooked." See Ex. A at p. 6.

13. To fulfill its contract with SOMMA, House of Raeford purchased chicken from Ozark and Fieldale. In its amended petition, SOMMA alleged that it received reports from NYCSD of bones and pieces of blue plastic in the chicken.

SOMMA alleged that it x-ray inspected some of the chicken finding bone and foreign material in that supplied by Ozark and Fieldale. SOMMA also alleged that it directly contracted with Ozark for chicken drumsticks and that some of these were supplied with the chicken feet attached. See Ex. A at p. 17.

14. In its amended petition, SOMMA asserted the following cause of actions: breach of contract, Texas Deceptive Trade Practices Act (TDTPA), and negligence. It subsequently dismissed its TDTPA claims. It also dismissed the negligence cause of action against Ozark with respect to the drumsticks.

15. SOMMA's remaining claims against Ozark included breach of contract for supplying the drumsticks and negligence for supplying the chicken tenders containing bone and foreign material.

16. SOMMA claimed damages for lost profits and other economic damages for unsold inventory and storage costs.

### THE HOUSE OF RAEFORD CROSS-CLAIM

17. In the SOMMA lawsuit, House of Raeford answered and brought a cross-claim against Ozark. See Exhibit B, House of Raeford's Cross-Claim against Ozark and Fieldale. In its Cross-Claim, House of Raeford alleged that Ozark breached its contract with it by providing non-conforming goods. See Ex. B.

### THE SOMMA/HOUSE OF RAEFORD TRIAL

18. The SOMMA/House of Raeford case was tried to a jury on or about

October 29, 2019.

19. SOMMA/House of Raeford presented no evidence of property damage to the jury. The only proof of damages presented to a jury was for economic loss.

20. The jury returned verdicts in favor of SOMMA and House of Raeford. It found that all parties were negligent and that their negligence proximately caused damage to SOMMA. It apportioned 10 percent of the negligence responsibility to Ozark. It awarded lost profits to SOMMA resulting from the parties' negligence in the total amount of $7,639,466.25. The jury also found that Ozark had failed to comply with its contract to provide boneless chicken to House of Raeford. It awarded House of Raeford $1,018,595.50 for Ozark's breach of contract. The jury also concluded that Ozark "manufactured a defective product that House of Raeford suppled to SOMMA food group that caused SOMMA Food Group injury[.]" See Exhibit C, Verdict Forms.

## POLICY

21. Farmland Mutual Insurance Company (Farmland) issued commercial general liability policy number CPP132296A to OMP for the policy period October 26, 2016 to October 26, 2017.[1] Ozark is a scheduled named insured on the policy. See Exhibit D, Policy.

---

[1] Farmland is survived by Nationwide pursuant to a January 1, 2019 merger. For purposes of this Complaint, Farmland will hereinafter be referred to as Nationwide.

22. The policy states:

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
1. **Insuring Agreement**
   a. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
   (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
   (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

Ex. D at p. NATIONWIDE 000024.

23. The policy excludes coverage under certain circumstances:

   2. **Exclusions**
   This insurance does not apply to:
   ...
   b. **Contractual Liability**
   "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
   (1) That the insured would have in the absence of the contract or agreement; or
   (2) Assumed in a contract or agreement that is an

      "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b)    Such attorneys fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

...

k.    **Damage To Your Product**
"Property damage" to "your product" arising out of it or any part of it.

m.    **Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

    (1)    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

    (2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n.    **Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

    (1)    "Your product";
    (2)    "Your work"; or

>   (3) "Impaired property";
>   if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

Ex. D at pp. NATIONWIDE 000025, 000028.

24. The policy defines the following terms:

   **SECTION V – DEFINITIONS**
   ...
   8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
      a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
      b. You have failed to fulfill the terms of a contract or agreement;

      if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.
   ...
   17. "Property damage" means:
      a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
      b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

      For the purposes of this insurance, electronic data is not tangible property.
      As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Page 8 of 13

> ...
> 21. "Your product":
>     a. Means:
>        (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>            (a) You;
>            (b) Others trading under your name; or
>            (c) A person or organization whose business or assets you have acquired; and
>        (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>     b. Includes:
>        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>        (2) The providing of or failure to provide warnings or instructions.
>     c. Does not include vending machines or other property rented to or located for the use of others but not sold.

Ex. D at pp. NATIONWIDE 000036, 000038-000039.

## DECLARATORY RELIEF SOUGHT

A. <u>There is no coverage for Ozark's breach of contract.</u>

25. The jury awarded damages for breach of contract to House of Raeford against Ozark. Under Arkansas law, commercial general liability policies do not provide coverage for breach of contract. <u>Columbia Ins. Grp., Inc. v. Cenark Project Mgmt. Servs.</u>, 2016 Ark. 185, 491 S.W.3d 135 (2016).

26. Any damages awarded against Ozark for breach of contract are not covered under the policy.

27. Even if there were coverage under the policy, the exclusion for contractual liability would negate this coverage.

B. <u>There is no "property damage" and therefore no coverage under the policy</u>.

28. SOMMA did not claim physical injury to the chicken fillets. While SOMMA alleged Ozark's chicken fillets contained bone and other foreign material that did not meet the requirements of USDA, such noncompliance is not physical injury to tangible property. There was no damage to the chicken itself.

29. The jury awarded SOMMA lost profits for Ozark's failure to provide chicken fillets that met USDA requirements. Lost profits are not "property damage." Lost profits are economic damages, and as such, are not covered under a commercial general liability policy. <u>See</u> <u>Unigard Sec. Ins. Co. v. Murphy Oil USA</u>, 331 Ark. 211, 962 S.W.2d 735 (1998).

C. <u>Even if there is "property damage," one or more exclusions negate coverage</u>.

30. Even if the supplying of noncomplying chicken fillets is "property damage," any damages awarded because of it are not covered under the policy because of the Damage to Your Product, Damage to Impaired Property, and/or Recall of Your Product, Your Work, or Impaired Property Exclusions.

• <u>Damage to Your Product Exclusion</u>.

31. The Damage to Your Product exclusion excludes "'[p]roperty damage' to 'your product' arising out of it or any part of it." The chicken fillets are Ozark's

product and were alleged to have been supplied with bones and other foreign materials. If supplying of chicken fillets in this condition constitutes "property damage," it would arise out of Ozark's product.

32. Thus, the Damage to Your Product exclusion negates coverage.

- <u>Damage to Impaired Property Exclusion</u>.

33. The Damage to Impaired Property exclusion excludes "'property damage to 'impaired property' or property that has not been physically injured, arising out of: (1) [a] defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'[.]"

34. The chicken fillets are Ozark's product and were not physically injured. To the extent that supplying the chicken fillets with bones and other foreign materials constitute "property damage," such would arise out of a defect, deficiency, inadequacy or dangerous condition in Ozark's product.

35. Therefore, the Damage to Impaired Property exclusion negates coverage.

- <u>Recall of Your Product, Your Work, or Impaired Property Exclusion</u>.

36. The Recall of Your Product, Your Work, or Impaired Property exclusions excludes "[d]amages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of: (1) '[y]our product' . . . if such product, work, or property is withdrawn or recalled from the market or from use by any person or

organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

37. The chicken fillets are Ozark's product. SOMMA claimed lost profits because the chicken fillets had to be withdrawn or recalled from use by it because of a defect, deficiency, inadequacy or dangerous condition.

38. For this reason, the Recall of Your Product exclusion negates coverage.

39. Accordingly, Nationwide is entitled to a declaration that there is no coverage under the policy for Ozark and therefore no duty to continue to defend or indemnify them for the SOMMA lawsuit or damages awarded in connection with it.

40. Nationwide requests judgment as follows:

    A. For a judgment that it has no duty to continue to defend or indemnify Ozark with respect to the SOMMA lawsuit or damages awarded in connection with it;

    B. For an award of reasonable attorney's fees;

    C. For costs; and

    D. For such other relief available at law or in equity.

41. Pursuant to Fed. R. Civ. P. 57, Nationwide requests a speedy hearing on this declaratory judgment action.

42. Nationwide reserves all rights and defenses available to it under the terms, conditions, limitations, and exclusions of the policy.

43. Nationwide reserves the right to amend this complaint and plead further.

*[signature]*

DAVID M. DONOVAN (81184)
STACI DUMAS CARSON (2003158)
ATTORNEYS FOR PLAINTIFF
WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVE., STE. 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX
david.donovan@wdt-law.com
staci.carson@wdt-law.com