IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

NATIONWIDE MUTUAL INSURANCE
COMPANY, Successor in Interest to
Farmland Mutual Insurance Company                                          PLAINTIFF

V.                          CASE NO. 5:20-CV-05014

OZARK MOUNTAIN POULTRY, INC.;
OMP FARMS, LLC; SOMMA FOOD GROUP,
L.L.C.; HOUSE OF RAEFORD FARMS, INC.;
and GREAT AMERICAN INSURANCE COMPANY                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

Before the Court are multiple ripe motions, all related to this Court's subject-matter jurisdiction over the present dispute. The asserted basis for federal jurisdiction in the case is the diversity of the parties, pursuant to 28 U.S.C. § 1332. See Doc. 11, ¶ 8. Separate Defendants Ozark Mountain Poultry, Inc. and OMP Farms, LLC (collectively, "Ozark") have moved to dismiss Plaintiff Nationwide Mutual Insurance Company's ("Nationwide") Amended Complaint for failing to plead facts that establish complete diversity. See Doc. 21. In fact, Ozark alleges, Nationwide and separate Defendant Great American Insurance Company ("Great American") are both Ohio corporations. Great American brought counter- and cross-claims against Ozark and Nationwide (Doc. 33), which Ozark has also moved to dismiss on the same grounds. See Doc. 42. In response, Nationwide concedes that it and Great American are Ohio corporations and contends that Great American should be realigned as a plaintiff, which would result in complete diversity of the parties. See Docs. 34–36. For its part, Great American agrees that its interests

1

are aligned with Nationwide's and that it should be realigned as a plaintiff in this matter. *See* Doc. 45. Ozark opposes Nationwide's Motion to Realign Parties. *See* Doc. 40.[1]

For the reasons stated below, Nationwide's Motion to Realign Parties (Doc. 35) is **GRANTED**. Ozark's Motion to Dismiss Case (Doc. 21) and Motion to Dismiss Counter- and Cross-Claims (Doc. 42) are dismissed as **MOOT**.

## I. BACKGROUND

This is a declaratory judgment action brought by Nationwide as Ozark's primary commercial general liability ("CGL") insurance carrier. According to the Amended Complaint (Doc. 11), Somma Food Group, LLC ("Somma"), who is named as a defendant before this Court, previously brought suit against Ozark and House of Raeford Farms, Inc. ("Raeford"), also defendants here, in Texas state court. After a jury trial, judgment was entered against Ozark in favor of both Somma and Raeford in a total amount exceeding two million dollars. Farmland Mutual Insurance Company, to which Nationwide is successor in interest, had issued a CGL policy to Ozark for the time period relevant to the judgment in state court. That insurance policy has a one-million-dollar limit. Great American is Ozark's excess CGL insurance carrier, and during the relevant period, Ozark had a policy with a limit of twenty-five million dollars that applied after the limit under the Nationwide policy was met. Since the judgment against Ozark in the Texas state court

---

[1] In summary, the following briefs and motions are before the Court: Ozark's Motion to Dismiss Case (Doc. 21) and Brief in Support (Doc. 22); Nationwide's Response in Opposition to Ozark's Motion (Doc. 34); Nationwide's Motion to Realign Parties (Doc. 35) and Consolidated Brief in Support (Doc. 36); Ozark's Response in Opposition to Nationwide's Motion (Doc. 40); Ozark's Motion to Dismiss Great American's Counter- and Cross-Claims (Doc. 42) and Brief in Support (Doc. 43); Nationwide's Response to Great American's Counterclaim (Doc. 44); and Great American's Response in Opposition to Ozark's Motion to Dismiss (Doc. 45).

exceeds one million dollars, both the Nationwide and Great American policies are implicated.

In bringing the suit before this Court, Nationwide named Great American as a defendant alongside Ozark, Somma, and Raeford. However, since Nationwide and Great American are both Ohio corporations with their principal places of business in Ohio, complete diversity is lacking. Accordingly, Ozark has moved to dismiss both the Amended Complaint and the counter- and cross-claims for lack of subject-matter jurisdiction. In response, Nationwide asks the Court to realign Great American as a plaintiff, arguing that their interests are aligned since both insurance companies dispute that they owe Ozark coverage.

## II. LEGAL STANDARD

Diversity of citizenship under 28 U.S.C. § 1332 requires complete diversity. *See S. Farm Bureau Cas. Ins. Co. v. Davis*, 2019 WL 1997476, at *1 (W.D. Ark. May 6, 2019) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)). Complete diversity "exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *See id.* (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)). For purposes of establishing diversity jurisdiction, "a corporation shall be deemed a citizen of every State and foreign state where it has been incorporated and of the State or foreign state where it has its principal place of business." *See id.* (quoting 28 U.S.C. § 1332(c)(1)).

It is "well established that the designation of parties as plaintiff or defendant in the pleadings is not controlling in determining jurisdiction." *Dryden v. Dryden*, 265 F.2d 870, 873 (8th Cir. 1959). Instead, the court has a duty to "look beyond the pleadings, and

arrange the parties according to their sides in the dispute." *Id.* (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 62 (1941)). In deciding whether to realign the parties, the court "must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.' The controversy must be 'actual' and 'substantial.'" *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (quoting *Dryden*, 265 F.2d at 873). The court may realign parties so that parties aligned in interest are on the same side of the "primary and controlling matter in dispute" and parties adversely aligned in interest are on opposite sides. *Id.* Further, the court should not realign parties so that there is "an actual and substantial controversy" between parties who would be aligned as plaintiffs or defendants. *Id.* at 871. *See also Central Flying Serv., Inc. v. StarNet Ins. Co.*, 2013 WL 12253551 (E.D. Ark. 2013) (realigning parties to achieve complete diversity where "the interests of [the plaintiff] and the other [parties to be realigned as plaintiffs] are not in conflict with respect to the primary and controlling matter in this dispute—coverage under the insurance policy—nor is there any actual and substantial controversy between them").

### III. DISCUSSION

Since granting Nationwide's Motion to Realign Great American would resolve the Court's lack of subject-matter jurisdiction, which is the basis for Ozark's Motions to Dismiss, the Court will first take up the Motion to Realign and then turn to the Motions to Dismiss.

#### A. Motion to Realign Great American as a Plaintiff

First, the Court finds the "principal purpose" of the lawsuit to be determining whether coverage is owed to Ozark for its liability arising out of the Texas lawsuit. The

Court agrees with Nationwide that its interests are aligned with Great American on this primary issue—both insurance companies seek a declaration that neither of them owes coverage to Ozark under their policies for the judgment entered in the Texas case. Ozark argues that realignment is improper because "the substantive issues of contract interpretation are not identical." (Doc. 40, p. 3). But this is not a requirement for realignment. The fact that the Court may need to look to two different insurance policies with different language does not place Nationwide and Great American on different sides of the principal dispute as to whether Ozark is owed indemnification by its insurers. Nationwide and Great American are aligned with regard to the principal purpose of the lawsuit.

Furthermore, the Court finds that there is no actual and substantial conflict between Nationwide and Great American that would counsel against realignment. Great American has brought a counterclaim against Nationwide, but names Nationwide "as a party interested in the outcome of the declarations sought by Great American." (Doc. 33, p. 13). Great American supports Nationwide's contention that its interests are not adverse to those of Nationwide in this case. *See* Doc. 45, ¶ 5. The Court agrees. Each insurance company's dispute is with Ozark and those who seek to recover the judgment against Ozark in Texas state court. Accordingly, the Court finds that Great American will be realigned as a plaintiff in this litigation.

### B. Motions to Dismiss

This Court's jurisdiction over this case is based on diversity jurisdiction. The parties agree that Nationwide and Great American are both Ohio citizens for the purposes of diversity jurisdiction. Great American having been realigned as a plaintiff, the complete

diversity requirement of 28 U.S.C. § 1332 is satisfied. Accordingly, because both of Ozark's Motions to Dismiss were premised on a lack of complete diversity, those motions are now moot.

## IV. CONCLUSION

For these reasons, Nationwide's Motion to Realign Parties (Doc. 35) is **GRANTED**. The Clerk is directed to designate Great American as a plaintiff in this matter. As a result of this ruling, there is now complete diversity as required by 28 U.S.C. § 1332. Accordingly, Ozark's Motions to Dismiss (Doc. 21 and 42) dismissed as **MOOT**.

**IT IS SO ORDERED** on this 7th day of May, 2020.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

6